# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 04-03095-02-CR-S-FJG |
| JOHN MILLER, ) | |
| ) | |
| Defendant. | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress Evidence. The government has responded.

Defendant asserts that evidence seized as a result of a state search warrant executed on January 28, 2004, at the residence of Norman Stafford, should be suppressed. He contends that the search and seizure violated the Fourth Amendment because the Springfield police officers executing a search warrant failed to knock and announce their presence before they forcibly entered the residence of Norman Stafford. Defendant was present inside the residence, and was allegedly in possession of a firearm. Defendant asserts that the Fourth Amendment requires law enforcement officers to knock and announce their presence before entering a residence when executing a search warrant. He also contends that no exigent circumstances existed in this case to circumvent the knock- and-announce requirement.

It is the government's position that the search of the residence was lawful because the facts and circumstances surrounding the execution of the warrant were more than sufficient to justify the officer's manner of entry into the residence. The government also asserts that a violation of the

knock and announce requirement does not require the suppression of all evidence found in a search, citing the recent case of Hudson v. Michigan, —U.S.—, 126 S.Ct. 2159 (2006).

The Supreme Court has held that the exclusionary rule does not apply to violations of the knock-and-announce requirement of the Fourth Amendment. Id. The Eighth Circuit has subsequently ruled that where a defendant's "motion to suppress is premised entirely on his contention that officers violated the Fourth Amendment by failing to knock and announce their presence, Hudson disposes of his claim. [The Court] need not consider whether the officers acted reasonably by entering without knocking and announcing, because even if there were a violation of the Fourth Amendment, the exclusionary rule would be inapplicable." United States. v. Gaver, 452 F.3d 1007, 1008 (8th Cir. 2006).

Because defendant's motion in this case rests solely on the premise that the evidence should be suppressed because of a knock-and-announce violation, the Court concludes that no Fourth Amendment right was implicated, based on Hudson and its progeny. It will therefore be recommended that the motion to suppress based on an alleged knock-and-announce violation be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's motion to suppress evidence seized as a result of the search warrant executed on January 28, 2004, be denied.

/s/  James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date:   9/5/07